THE STATE MUTUAL BUILDING AND LOAN ASSOCIATION,
respondent,

*v.*

JAMES G. BATTERSON and WILLIAM G. CHITTICK, JR.,
appellants.

[Submitted March 22d, 1904.  Decided November 14th, 1904.]

A building and loan association made a loan of $18,000 to B., one of its stockholders, and took from him as security his bond, conditioned for the payment of the sum loaned, "together with interest thereon at the rate of six per cent. per annum, and such premiums, fines and charges as shall accrue thereon," and also a mortgage, the purpose of which, according to the recital contained therein, was "the better securing the payment of said sum, with interest thereon."—*Held*, that on a foreclosure of the mortgage the amount to be made on the foreclosure sale should be limited to the principal and interest of the loan, and that the association must look to the personal obligation of B. for the payment of such premiums, fines and charges as had accrued upon the loan.

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *65 N. J. Eq. (20 Dick.) 610.*

*Mr. Francis Scott,* for the appellants.

*Mr. E. Ambler Armstrong,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case is from a decree of foreclosure upon a mortgage given by the appellants, Batterson and Chittick, to the respondent.  The grounds of appeal, as set forth in the appellants' petition, are that the mortgage is a nullity because the appellant Batterson had no title to or interest in the mortgaged premises at the time of the execution of the instrument; that it was void on the further ground that neither of the appellants

was a member of the respondent association at the time of the making of the loan to secure the payment of which the mortgage was given, and the act of the association in loaning the money was therefore *ultra vires;* that no loan was, in fact, made to them by the association; and that the amount found to be due by the decree was excessive.

Our examination of the testimony in the cause satisfies us that the appeal is frivolous, except to the extent that it is directed at the amount decreed to be due upon the mortgage; to that extent it is meritorious.

The situation disclosed by the proofs is this: The appellants desired to obtain from the respondent a loan of $18,000. To accomplish this it was necessary that one of them should become a member of the association, and so Batterson subscribed for one hundred and eighty shares of its stock. The association thereupon loaned them the $18,000, taking as security for its repayment the bond of Batterson, in the penal sum of $36,000, conditioned for the payment of the sum loaned, "together with interest thereon at the rate of six per centum per annum, and such premiums, fines and charges as shall accrue thereon," and also the mortgage in suit. This latter instrument, after setting out the giving of the bond and its condition, recites that it (the mortgage) is given "for the better securing the payment of the aforesaid debt or principal sum of $18,000, *with interest as aforesaid,* unto the said party of the second part."

The amount found to be due by the final decree was $25,200.12 made up as follows:

| | | |
|---|---:|---:|
| Principal | $18,000 | 00 |
| Interest | 3,369 | 00 |
| Premiums | 3,369 | 00 |
| Dues | 3,420 | 00 |
| Fines | 1,015 | 80 |
| | $29,173 | 80 |
| Less credits— | | |
| Dues paid .................... $3,718 00 | | |
| Profits ....................... 193 68 | | |
| | 3,973 | 68 |
| | $25,200 | 12 |

The inclusion of premiums, dues and fines in the decree was clearly erroneous. Although, by the terms of the bond, Batterson obligated himself to pay these items, so far as they were legally charged against him the premises embraced in the mortgage were pledged only to secure the payment of the principal and interest of the loan, leaving the association to look to the personal obligation of Batterson, its stockholder, for the payment of the other items. The sum which the respondent was entitled to have raised by a sale of the mortgaged premises was limited to the amounts for the payment of which they were pledged, namely, $18,000 of principal and $3,369 of interest.

This being the situation, the question argued by counsel of the legality of the charges for premiums and fines is one which the case does not present. That question can properly be raised only by suit upon the bond.

The decree appealed from must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY —11.